UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR ORTIZ,

    Plaintiff,

v.    CASE NUMBER: 8:26-cv-00444

MANATEE COUNTY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTOR ORTIZ, (hereinafter "Plaintiff" or "Mr. Ortiz"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, MANATEE COUNTY (hereinafter "Defendant" or "MANATEE COUNTY") and alleges:

## JURISDICTION AND VENUE

1. This is an action for monetary damages and equitable relief under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Florida Civil Rights Act, Section 760.01, et al ("FCRA") and the Florida Whistleblower Act, Section 112.3187, Florida Statutes ("FWA").

2. This Court has jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. §§ 1331 and 1343.

3. This Court has jurisdiction over Plaintiff's FCRA and FWA claims under 28 U.S.C. § 1367.

4. Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Manatee County, Florida.

## APPLICABLE REGULATIONS

**Manatee County Personnel Policy, Rules, and Procedures Manual:**

5. Rule XI.B 1 prohibits incompetency or inefficiency in the performance of assigned duties.

6. Rule XI.B 8 prohibits interference with the work of another employee.

7. Rule XI.B 14 prohibits discourteous, insulting, abusive, or inflammatory language or conduct toward any person, which disrupts the workplace or serves to offend any citizen, vendor or other person with whom the employee comes into contact during the performance of duties.

8. Rule XI.B 18 prohibits lying, falsifying an official document including employment applications, medical examination forms, accident records, insurance records, leave or payroll records, purchase orders, or any other dishonesty connected with the employee's job or the operation of Manatee County Government.

9. Rule XI.B 21 prohibits the violation of a County or departmental rule, procedure, order or regulation, any statute or ordinance related to County employment, or any provision of this Policy.

10. Rule XI.B 22 prohibits unlawful or improper conduct, either on or off the job, which would tend to affect the employee's relationship to his or her job, his or her fellow workers, or Manatee County's reputation or goodwill in the community.

11. Rule XI.B 59 prohibits making or publishing false, vicious or malicious statements concerning any employee, supervisor, the County or its operations.

**Fla. Stat. § 839.13 (2025):**

12. Under Florida Statute § 839.13 it is illegal for public officers to falsify, fraudulently alter, deface, destroy, or conceal official documents, proceedings, or records of a public office. This statute aims to ensure the integrity of government documents and proceedings by punishing those who corrupt them.

13. Florida Statute § 839.13(1) states:

Except as provided in subsection (2), if any judge, justice, mayor, alderman, clerk, sheriff, coroner, or other public officer, or employee or agent of or contractor with a public agency, or any person whatsoever, shall steal, embezzle, alter, corruptly withdraw, falsify or avoid any record, process, charter, gift, grant, conveyance, or contract, or any paper filed in any judicial proceeding in any court of this state, or shall knowingly and willfully take off, discharge or conceal any issue, forfeited recognizance, or other forfeiture, or other paper above mentioned, or shall forge, deface, or falsify any document or instrument recorded, or filed in any court, or any registry, acknowledgment, or certificate, or shall fraudulently alter, deface, or falsify any minutes, documents, books, or any proceedings whatever of or belonging to any public office within this state; or if any person shall cause or procure any of the offenses aforesaid to be committed, or be in anywise concerned therein, the person so offending shall be guilty of a misdemeanor of the first degree.

14. Florida Statute § 839.13(2)(a) states:

Any person who knowingly falsifies, alters, destroys, defaces,

overwrites, removes, or discards an official record relating to an individual in the care and custody of a state agency, which act has the potential to detrimentally affect the health, safety, or welfare of that individual, commits a felony of the third degree.

## PARTIES

15. Plaintiff, VICTOR ORTIZ, is a resident of the state of Florida and worked for Defendant in Manatee County.

16. Defendant, MANATEE COUNTY, has been organized and in existence within Manatee County, Florida.

17. At all times material, Defendant, MANATEE COUNTY, was an "employer" subject to the requirements of the Title VII, FCRA, FWA, and other applicable law.

## ADMINSTRATIVE PREREQUISITES

18. On May 30, 2025, Plaintiff filed a Whistleblower Complaint with Manatee County under Article X, Section 2-2-264, Manatee County Ordinances.

19. Manatee County conducted an investigation and issued a report with its findings on October 20, 2025.

20. Plaintiff has filed suit within 180 days of the County's determination.

21. Plaintiff has also satisfied all conditions precedent to bringing his Title VII claims.

## GENERAL ALLEGATIONS

22. Victor Ortiz is a Hispanic male.

23. In March 2022, Manatee County hired Mr. Ortiz to the position of Senior Fiscal Services Manager within its Finance Department. Mr. Ortiz excelled in his position and earned several promotions to Business Operations Manager in March 2023 and Deputy Director for Financial Management in March 2024.

24. Around June or July 2024, Danielle Frazier made a complaint to the Human Resources Department accusing Manatee County CFO Sheila McLean of targeting her and showing favoritism to Candice Cruz and Claudia Campos.

25. After receiving the aforementioned complaint, Scott Sharp (Employee Relations Specialist for Manatee County) conducted a lengthy investigation into these allegations over the course of several months.

26. During the investigation, Mr. Sharp interviewed Mr. Ortiz twice, once on July 26, 2024, and again on September 10, 2024.

27. On November 18, 2024, Mr. Sharp released Employee Relations Investigative Report #240702, which concluded that Ms. McLean had indeed targeted Ms. Frazier unfairly and further found that Ms. McLean had committed several violations of the Manatee County Personnel Policy and Rules, including violations of Rules XI.B 1, XI.B 8, XI.B 14, XI.B 18, XI.B 21, XI.B 22, and XI.B 59 (referenced in ¶¶ 7-13).

28. Mr. Sharp's investigation found that Ms. McLean and other employees under her supervision made false statements to the investigator to cover up their unfair treatment of Ms. Frazier.

29. Specifically, Candice Cruz independently investigated Ms. Frazier's use of vacation time and then made a misleading report on Ms. Frazier's use of vacation time to Ms. McLean. Notably, Mr. Sharp found that Ms. McLean had appeared to condone Ms. Cruz's improper actions.

30. Mr. Sharp also found that Ms. Cruz had a consistent practice of being rude and disrespectful in her communications with other employees and that Ms. McLean treated men less favorably than women within the Finance Department, which was consistent with Mr. Ortiz's experience.

31. Mr. Sharp's investigation also found Jessica Pollard (Financial Analyst) to be unreliable because she has apparently lied to protect Ms. Cruz and Ms. McLean from scrutiny.

32. On November 21, 2024, just three days after Mr. Sharp published his damning report, Ms. McLean discriminated against Mr. Ortiz because of his gender and retaliated against him because of his involvement and cooperation with Mr. Sharp's investigative efforts against Ms. McLean. Specifically, Ms. McLean gave Mr. Ortiz his only negative performance review of his career. When Mr. Ortiz objected to the low score in his performance review, Ms. McLean stated, "We must all feel the pain from the report." Mr. Ortiz understood Ms. McLean's actions to be a form of gender discrimination and/or punishment for his honest participation in Mr. Sharp's investigation.

33. In early January 2025, Ms. McLean allowed Ms. Pollard to move offices to a new location without discussing the move with or even informing Mr. Ortiz, though he was Ms. Pollard's direct supervisor.

34. On February 13, 2025, Mr. Ortiz held a meeting with Ms. Pollard. During the meeting, Mr. Ortiz gave Ms. Pollard clear feedback about his expectations regarding communication, requested a list of tasks that she was performing, and assured her that he was available if she had any questions or concerns.

35. When Ms. Pollard said she felt that she always communicated well, Mr. Ortiz raised her move to a new office without informing him as an example of a lack of communication on her part. Mr. Ortiz also informed Ms. Pollard that the circumstances surrounding her changing offices without informing him would not impact her annual performance evaluation.

36. Five days later, on February 18, 2025, Mr. Ortiz received an email from Ms. Pollard in which she seemed to be attempting to document their February 13, 2025, conversation inaccurately. In this email, Ms. Pollard falsely stated that Mr. Ortiz had told her that her failure to inform him that she was moving offices could impact her Employee Performance Evaluation. Upon receiving the email, Mr. Ortiz called Ms. Pollard and discussed the incorrect statement with her, she agreed to send an email correcting her error. However, Ms. Pollard never sent an email correcting her error.

37. On February 27, 2025, Mr. Ortiz sent an email to Ms. Pollard correcting the record and clarifying that Ms. Pollard would not face any impact to her

performance evaluation for the issues surrounding her moving offices without telling him.

38.     Sometime after Mr. Ortiz's email on February 27, 2025, Ms. Pollard met with Ms. McLean and reiterated the false statement that Mr. Ortiz had threatened to criticize Ms. Pollard in her annual performance evaluation for moving offices without his knowledge or consent.

39.     On March 5, 2025, Ms. McLean filed a Form 189 write-up of Mr. Ortiz in which she repeated the patently false narrative that Mr. Ortiz had told Ms. Pollard that her lack of communication around her decision to move offices would be reflected on her annual performance evaluation. She made these false statements in the Form 189 write-up despite receiving Mr. Ortiz's February 27, 2025, email, which had clarified this mistake.

40.     Ms. McLean lied in an official government document when she wrote the Form 189 and issued it against Mr. Ortiz.

41.     Ms. McLean then filed the false Form 189 against Mr. Ortiz to discriminate against him based on his gender and in retaliation for Mr. Ortiz's participation in the 2024 investigation.

42.     On March 18, 2025, Mr. Ortiz filed a signed appeal of the March 5, 2025, Form 189, and described how Ms. McLean had made several false statements in the Form 189 to punish him for his participation in the 2024 investigation by Mr. Sharp. In the same appeal, Mr. Ortiz reported Ms. McLean for discriminating against him based on his gender.

43. Shortly after Mr. Ortiz filed the appeal, Ms. Cruz, Ms. McLean's confidant and loyal employee, made untrue allegations against Mr. Ortiz to HR falsely accusing him of being rude.

44. On April 3, 2025, Ms. McLean terminated Mr. Ortiz from his position in retaliation for the allegations he made in his appeal to HR on March 18, 2025.

45. Alternatively, Ms. McLean terminated Mr. Ortiz from his position because of his gender and in retaliation for his complaints of gender discrimination in his appeal to HR on March 18, 2025.

46. As a direct and proximate cause of said acts of Defendant, its agents and/or representatives, Mr. Ortiz has suffered and will continue to suffer severe emotional distress, mental anguish, financial damages, and loss of reputation.

47. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's statutorily protected rights.

48. Mr. Ortiz has incurred attorney's fees and costs in bringing this matter.

## COUNT I
### VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT
### § 112.3187 – Florida Statutes

49. Plaintiff restates and incorporates herein the allegations in Paragraphs one (1) through forty-eight (48) as if set forth fully herein.

50. This is an action against Defendant under The Florida Whistleblower Act, Florida Statutes § 112.3187, et seq.

51. Mr. Ortiz was a public employee protected under the provisions of Chapter 112, Florida Statutes.

52. Mr. Ortiz participated in an internal investigation regarding a complaint made by Ms. Frazier regarding Ms. McLean. The investigation ultimately found that Ms. McLean's actions and the actions of some of her direct reports violated several Manatee County Ordinances related to the workplace.

53. On November 21, 2024, Ms. McLean gave Mr. Ortiz his only negative performance review of his career because of his participation in the internal investigation against Ms. McLean.

54. On March 5, 2025, Ms. McLean filed a Form 189 write-up of Mr. Ortiz in which she made several false statements about Mr. Ortiz. This is a violation of § 839.13(1), Florida Statutes because in filing the Form 189 Ms. McLean intentionally lied on an official government record.

55. Ms. McLean's violations of § 839.13 (1), Florida Statutes and other related laws is an act of gross mismanagement, malfeasance, misfeasance, and a gross neglect of her duty as the Chief Financial Officer of Manatee County's Financial Management Department.

56. On March 18, 2025, Mr. Ortiz filed a signed appeal of the Form 189 with Manatee County's HR Department and complained about and objected to Ms. McLean's actions in having made multiple false statements about him in the Form 189 in retaliation.

57. Mr. Ortiz also reported in the March 18, 2025, appeal that Ms. McLean had retaliated against him in November 2024 by lowering his annual performance evaluation because he participated in Mr. Sharp's investigation.

58. On April 3, 2025, Ms. McLean terminated Mr. Ortiz in retaliation for filing the March 18, 2025, appeal with HR and for participating in the 2024 investigation by Mr. Sharp.

59. The aforementioned acts of Defendant, through its employees, managers, representatives and/or agents, constitute a violation of the FWA because Defendant took retaliatory and adverse employment action against Plaintiff after Plaintiff objected to and reported actions of malfeasance by his supervisor which violated Florida law and the Manatee County Code of Ordinances.

60. As a direct and proximate result of said acts of Defendant, its employees, managers, representatives and/or agents, Mr. Ortiz has suffered, and will continue to suffer, past and future wage loss, loss of benefits, emotional distress, and other pecuniary damages.

**WHEREFORE**, Plaintiff, VICTOR ORTIZ, respectfully prays for the following relief:

A. That this Court grant equitable relief against Defendant MANATEE COUNTY under the applicable counts set forth above mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

B. That this Court enter judgment against Defendant MANATEE COUNTY awarding Plaintiff damages for Defendant's violations of law enumerated

11

herein;

C.     That this Court enter judgment against Defendant awarding Plaintiff attorney's fees and costs;

D.     That this Court enter judgment against Defendant awarding Plaintiff prejudgment interest;

E.     That this Court grant such other further relief as being equitable, just and proper in the Court's Judgment under the circumstances.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### Discrimination Resulting in Adverse Employment Action
### On the Basis of Gender

61.     Plaintiff, VICTOR ORTIZ, re-alleges and incorporates the allegations put forth in paragraphs one (1) through forty-eight (48) as if set forth herein in full.

62.     Mr. Ortiz is a man and as such, is protected from discrimination on the basis of his gender.

63.     At all material times, Mr. Ortiz was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

64.     Mr. Ortiz was qualified for the position he held with the Defendant.

65.     Defendant subjected Mr. Ortiz to adverse employment action based on his gender.

66.     On April 3, 2025, Defendant terminated Mr. Ortiz from his position because he is male.

67. Defendant's actions in terminating Mr. Ortiz because of his gender were reckless, willful, and malicious.

68. Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

69. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Ortiz respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Ortiz;

B. Back pay;

C. Compensatory damages against Defendant;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits he would have received but for the discriminatory acts and practices of Defendant;

F. Attorney's fees and costs; and

G. For such other relief as the Court deems just and equitable.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### Retaliation for Engaging in Protected Activity
### Resulting in Adverse Employment Action

70. Plaintiff, VICTOR ORTIZ, re-alleges and incorporates the allegations put forth in paragraphs one (1) through forty-eight (48) as if set forth herein in full.

71. Plaintiff is a member of a protected class under Title VII.

72. Plaintiff engaged in protected activity under Title VII when he submitted an appeal of Ms. McLean's Form 189 complaining that Ms. McLean discriminated against him based on his gender.

73. Defendant failed to conduct an adequate investigation regarding Plaintiff's complaints.

74. Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under Title VII by terminating him from his position after he complained about gender discrimination.

75. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Mr. Ortiz respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

    A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Ortiz;

    B.    Back pay;

    C.    Compensatory damages against Defendant;

    D.    Prejudgment interest;

    E.    Damages in compensation for the value of employment benefits he would have received but for the discriminatory acts and practices of Defendant;

    F.    Attorney's fees and costs; and

    G.    For such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of February, 2026.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr.*
GARY L. PRINTY, JR
FL BAR ID NO. 41956
THE PRINTY LAW FIRM
5407 N Florida Ave
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
***Lead Counsel for Plaintiff***